**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0768n.06

**No. 11-2021**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ZIHRA SAAD, | ) | |
| | ) | **FILED**<br>*Jul 16, 2012*<br>LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MAHMOUD SAAD, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| MICHAEL KRAUSE, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF DEARBORN HEIGHTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

BEFORE:    NORRIS, McKEAGUE, and KETHLEDGE, Circuit Judges.

**PER CURIAM.** This is an appeal by a defendant police officer from an interlocutory ruling denying his motion for summary judgment on plaintiff Zihra Saad's excessive force claim under 42 U.S.C. § 1983 and intentional tort claims under state law.[1] The action stems from events that occurred on March 10, 2010, when defendant Dearborn Heights Police Officer Michael Krause

---

[1]Though the district court's ruling is interlocutory, we have jurisdiction to review it under the collateral order doctrine.

observed a stop sign violation and attempted to pull-over motorist Joseph Saad. When Saad appeared to ignore Officer Krause's emergency flashers, Krause pursued him into a nearby residential driveway. There Saad exited his vehicle, ignored Krause's verbal command to get back in the car, and entered the house through the front door. When Krause followed onto the front porch of the house, he was met by Saad's 78-year old mother, Zihra Saad, plaintiff-appellee herein, who refused Krause consent to enter despite his having allegedly pointed a firearm at her. Meanwhile, other officers gained entry to the home by another way, let Krause in through the front door, and Joseph Saad was arrested.

In this action, as relevant to this appeal, Zihra Saad's excessive force and intentional tort claims are premised on her claim that Krause pointed a firearm at her. Though Krause maintains the gun was pointed only at the front door of the house, not at Zihra, the record presents a genuine fact dispute on this point. Nonetheless, defendant Krause moved the district court for summary judgment, contending that, even assuming he pointed his firearm at Zihra Saad, he is entitled to qualified immunity on the § 1983 excessive force claim and governmental immunity on the intentional tort claims. The district court denied Krause's motion for summary judgment, concluding that if the jury were to find that Krause pointed his weapon at Zihra—an unarmed 78-year old woman who was not suspected of any crime and posed no threat to anyone's safety, while demanding entry to her home in pursuit of a motorist suspected only of running a stop sign and then ignoring the commands of the pursuing police officer—then the jury *could* reasonably conclude, under the facts and circumstances developed in trial, that Krause used excessive force and acted without good

faith and/or with malice.  On the extant record, the district court held that Krause was not entitled to qualified immunity or governmental immunity.

On appeal, Krause has not raised any argument that is not fairly and adequately addressed in the district court's opinion.  Although we review the district court's ruling de novo, we find no error.  Accordingly, finding that a separate opinion would be duplicative and unnecessary, we hereby **AFFIRM** the district court's order denying Krause's motion for summary judgment on the reasoning of its opinion.